# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

THOMAS RAY III,

                Plaintiff,

v.                                         CIVIL ACTION NO. 2:15-cv-00948

PRIMECARE MEDICAL, INC., et al.,

                Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant PrimeCare Medical, Inc.'s ("PrimeCare") Motion to Dismiss (ECF No. 22). Because Plaintiff proceeds pro se, this action was previously referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings and a recommendation for disposition ("PF&R"). Magistrate Judge Tinsley filed his PF&R (ECF No. 27) on June 13, 2017, recommending that the Court grant PrimeCare's motion and dismiss this matter from the Court's docket.

Parties are typically allotted fourteen days to lodge objections to a magistrate judge's findings and recommendation on a dispositive matter. Fed. R. Civ. P. 72(b)(2). Thus, after allowing an extra three days for mailing, objections to the PF&R were initially due by June 30, 2017. On June 30, 2017 and again on July 24, 2017, Plaintiff, a federal inmate incarcerated at USP Terre Haute, submitted letters to the Court complaining that the Bureau of Prisons ("BOP") had been withholding his legal mail. The Court extended the objections period in an effort to address these concerns. Objections were to be received by August 21, 2017.

On August 18, 2017, the Court received two additional letters from Plaintiff. Plaintiff again asserts that BOP has stymied his ability to respond to the PF&R by confiscating his legal mail. He also seeks a Court order directing the BOP to provide a particular form to facilitate Plaintiff's communication with his personal bank. To repeat: this Court is not the proper venue for Plaintiff to advance claims regarding the conditions of his confinement and retaliatory conduct by BOP. 28 U.S.C. § 1391(b). Plaintiff might be able to pursue these claims in an independent civil rights action filed in the appropriate federal or state court in Indiana. The Court's role in the instant matter is limited to a review of the PF&R, and Plaintiff has continually failed to file anything recognizable as an objection to that document.

The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of *de novo* review and a party's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).

As stated, objections to the PF&R were due on August 21, 2017. No objections have been filed. The Court therefore **ADOPTS** the PF&R (ECF No. 27), **GRANTS** PrimeCare's Motion to Dismiss (ECF No. 22), **DISMISSES WITHOUT PREJUDICE** this matter, and **ORDERS** that this action be removed from the docket of the Court. Plaintiff's miscellaneous requests for relief (ECF Nos. 31, 32, 34, and 35) are not responsive to the PF&R and are therefore **DENIED AS MOOT**.

  **IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: August 25, 2017

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE